UNITED STATES DISTRICT COURT
EASTERN DISTRICT
---------------------------------------------------------X
JAGMOND HARDY

                Plaintiff,

··AGAINST-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, and DETECTIVE
EDWARD SYLVESTER, POLICE OFFICER
JAMES WEB POLICE OFFICER TAX ID
#94543 and POLICE DOES "JOHN DOES"1-10"
A fictitious name representing police officers Whose
names are currently unknown.

                Defendants
---------------------------------------------------------X

CV 14 3754

ROSS, J.

COMPLAINT

Plaintiff, JAGMOND HARDY, by his attorney, LAUREN P. RAYSOR, ESQ., complaining of the Defendant, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, and DETECTIVE EDWARD SYLVESTER, POLICE OFFICER JAMES WEB POLICE OFFICERS TAX ID #94543 and POLICE DOES "JOHN DOES"1-10" herein, alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF
### THE PLAINTIFF, JAGMONG HARDY

1. Those at all times herein mentioned, the Plaintiff JAGMONG HARDY and is and still

   are residents of County of QUEENS, State of New York.

2. That at all times herein mentioned Defendant, THE CITY OF NEW YORK, was

   and is a municipal corporation duly organized and existing under and by virtue of

   the laws of the State of New York.

3. That at all times herein mentioned, Defendant, the CITY OF NEW YORK, maintains

   the NEW YORK CITY POLICE DEPARTMENT, a duly authorized police

   authority and/or police department, authorized to perform all functions of a police

department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

4. On or about 02/02/12 at approximately 12 p.m. Claimant was walking down Linden Blvd while on his way home, in Queens NY, when he observed a black (Chevrolet) Impala which passed claimant then slowed down and made a U-turn by Linden Blvd and 202nd Street, Queens NY, and pulled up next to Claimant.

5. A cop hopped out of the car and asked claimant "where he was coming from and where was he going?" to which claimant replied he "was coming from his girlfriend's house".

6. The police Officers then proceeded to search his pockets, where they found a lady's bracelet in his pocket. The Police Officer asked claimant "Where did he get the bracelet from?" and claimant replied "I got it from my mother".

7. At that time another Impala pulled up and another Police Officer got out and started asking claimant a whole bunch of questions, which included questions like "Where did he get the bracelet?", 'Was he on his way to pawn it?" "Did he steal it from someone?" The Police officer also made a comment like "You're mother should have raised you better". Claimant was actually on the phone with his girlfriend while the Officers were talking to him.

8. Claimant was handcuffed and he asked "why was he being arrested?" and the Officer responded that "he will find out when he gets to the precinct". Claimant said "you can take to me my house and confirm that the bracelet is mine". The Officers in the second Impala took the bracelet and went to the Claimants home.

9. The arrived at claimants home and asked his parents about the ownership of the bracelet and claimants parents verified that the bracelet belonged to Claimant. The Police officers then said they were going to let claimant go but then the second car that went to the claimant's home called the Officers that were in the first car with the claimant and told them that claimant stole the bracelet.

10. The Officers then started to play mind games with the Claimant first stating that he was going home then that he was going to the precinct. While in the precinct Police officers where telling the Claimant that "He was a fucking liar and that it wasn't his bracelet." Claimant asked "if his mother can come up" and they told him "No, because you are being processed to Central Booking".

11. After claimant was processed he called his mother to explain to her what happened and claimant's mother was on her way to the precinct but the officer said she could not come up. Claimant arrived at Central Booking on or about 10:30pm.

12. That on or about 2/2/12, Plaintiff Jagmond Hardy was unjustifiably, unlawfully, and illegally, falsely arrested by defendants, herein, their agents, servants, officers and *or* employees, including Detective Edward Sylvester, Police Officer James Weibert and Police Officers "John Does" and other police officers, acting within the scope of their employment without probable cause.

13. That at all times herein after mentioned, Defendants, the City of New York and the Police Department of the City of New York, hired and *or* contracted with the Defendant, Detective Edward Sylvester, Police Officer James Weibert and including but not limited to defendants, "JOHN DOES 1-10", police officers to perform services as Police Officers of the City of New York.

14. The Defendants officers and The City of New York, and The Police Department of the City of New York, knew or should have known that defendants police officers herein above named and other police officers, were of ignitable temperate and ill suited to perform the duties with which they were entrusted.

15. That had defendant's officers, the City of NY, and the Police Department of the City of New York performed an adequate investigation into the background, character and/or history of defendant police officers, but not limited to, defendants and other police officers the rights of the plaintiff set forth herein would not have been violated.

16. That at all times herein mentioned, Defendants, their, agents servants and/or employees including but not limited to, defendant Detective Edward Sylvester, Police Officer James Weibert and Police Officers "JOHN DOES 1-10", and other Police Officers of the New York City Police Department, failed to conduct themselves in such a manner so that all citizens, including plaintiff would be free from unlawful imprisonment and racial discrimination.

17. That as a result thereof, Plaintiff JAGMONG HARDY has been rendered fearful, anxious, depressed and emotionally and physically damaged due to unlawful actions of the defendant officers and the City of New York.

AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF, JAGMONG HARDY FOR FALSE
IMPRISONMENT.

18. That plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered "1" through "17" with the same force and effect as though more fully set forth at length herein.

19. By reason of the foregoing, the plaintiff was intentionally confined without privilege or probable cause and that defendants could not have believed that a crime had been committed by the plaintiff.

20. That at all times mentioned herein, Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned without legal justification.

21. As a consequence thereof, JAGMONG HARDY has been greatly injured.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF, JAGMONG HARDY AGAINST DEFENDANT OFFICERS FOR ASSAULT.

22. That plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered "1" through" 21", with the same force and effect as though more fully set forth at length herein.

23. That on the February 2, 2012, the defendants their agents, servants and/or employees, without cause or justification, or the consent of the plaintiff, intentionally placed the plaintiff in fear of imminent physical harm by harassing plaintiff.

24. That by reason of the foregoing the plaintiff JAGMONG HARDY has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF, JAGMONG HARDY FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

25. That the plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered " 1" through "24" with the same force and effect as though more fully set forth at length herein.

26. That the defendants, by their police officers, agents, servants and *or* employees, engaged in actions intended to inflict emotional trauma on the plaintiff, JAGMONG HARDY and that plaintiff has suffered emotional trauma based on the unlawful actions of the defendants which served as the proximate cause of plaintiff injuries.

27. That by reason of the foregoing, the plaintiff, JAGMONG HARDY was placed in imminent physical harm and has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, JAGMONG HARDY AGAINST DEFENDANTS FOR DEFENDANT'S NEGLIGENT HIRING, SUPERVISION, TRAINING, AND RETENTION.

28. That the plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered "1 through "27" with the same force and effect as though more fully set forth at length herein.

29. That at all times herein mentioned the police officers involved in the incident complained of herein were negligently hired and *or* trained, supervised and or retained by the defendants, City of New York and the New York City Police Department of the City of New York.

30. That as a result of the negligent retention, hiring and training of these police officers, and other City of New York Employees, negligently and improperly carried out their duties in stopping, arresting, searching, seizing, imprisoning, incarcerating and prosecuting the plaintiff without legal justification.

31. That by reason of the foregoing, the defendants either individually and or through defendant's agents, servants and employees, failed and refused to use such care in the performance of their duties as a reasonably prudent law enforcement agency and employees would have used under similar circumstances.

32. As a consequence thereof, plaintiff, JAGMONG HARDY, has suffered great mental and emotional distress and has been greatly injured thereby.

33. That by reason of the foregoing the plaintiff, JAGMONG HARDY has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, JAGMONG HARDY AGAINST DEFENDANTS FOR MALICIOUS PROSECUTION.

34. That the plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered" 1" through "33" with the same force and effect, as though more fully set force at length herein.

35. That the defendants, City of New York, by their agents, servants and / or agents, including but not limited to defendant Detective Edward Sylvester, Police Officer James Weibert and Police Officers "John Does" were acting within the scope of their employment and who falsely and maliciously, without probable cause, charged the plaintiff with crimes and arrested the plaintiff and continued the unlawful prosecution against plaintiff Ward knowing that plaintiff had not been engaged in any form of unlawful activity.

36. That by reason of the foregoing, the plaintiff has been injured and has suffered great emotional and mental distress and has been greatly injured and sustained damages in a sum which exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, JAGMONG HARDY FOR WRONGFUL INCARCERATION.

37. That plaintiff repeats, realleges each and every allegation contained in Paragraphs Numbered "I" through "36" with the same force and effect as though more fully set forth at length herein.

38. That by reason of the foregoing, the Plaintiff was intentionally confined by defendants for several hours in a facility maintained and operated by the Correction Department of the City of New York, without probable cause or legal justification and without Plaintiff consent.

39. As a consequence thereof, JAGMONG HARDY was substantially harmed and injured.

## AS AND FOR EIGHTH CAUSE OF ACTION ON BEHALF OF PLANTIFF JAGMONG HARDY AGAINST DEFENDANTS FOR VIOLATION OF PLAINTIFF'S CIVIL RIGHTS.

40. That plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered" I" through "39", with the same force and effect as though more fully set forth at length herein.

41. That as a result of the foregoing, the defendants, through the acts of their police officers, knowingly, willfully, and wantonly, violated the civil rights of the plaintiff, JAGMONG HARDY.

42. That the defendants deprived the plaintiff of his civil rights, privileges and immunities, secured by the Constitution and Laws of the United States, including violating her Fourteenth Amendment Rights, Fifth Amendment, Rights of Due Process, her Fourth Amendment Right, right to be free from unreasonable search and seizure.

43. That the defendants acted under color of state and local law in depriving the plaintiff of his civil rights.

44. That as a result of the foregoing the plaintiff, Jagmong sustained damages in a sum which exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, that by reasons of the foregoing, plaintiff JAGMONG HARDY , demands the following judgment and relief jointly, and severally against all the defendants:

  a. For the first cause of action,    $ 2,000,000

  b. For the second cause of action,   $ 1,000,000

  c. For the third cause of action,    $ 1,000,000

  d. For the fourth cause of action    $ 2,000,000

  e. For the fifth cause of action     $ 2,000,000

  f. For the sixth cause of action,    $ 1,000,000

  g. For the seventh cause of action   $ 1,000,000.

  h. For the eight cause of action     $ 2,000,000

  i. Punitive Damages in the amount of $ 5,000,000

Such other and further relief as this Court may deem appropriate including costs and reasonable attorney fees

Dated: May 16, 2014
       Mt. Vernon, NY

Lauren P. Raysor, Esq. (LR1551)
11 West Prospect Avenue
Mt. Vernon NY
914-733-8080